TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Trinette & Garrett Kent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trinette and Garrett Kent, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Credit Collection Services; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For their Complaint, the Plaintiffs, Trinette and Garrett Kent, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Trinette and Garrett Kent (hereafter "Plaintiffs"), are adult individuals and a married couple residing at 11222 North 54th Place, Scottsdale, Arizona 85254, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Credit Collection Services (hereafter "CCS"), is a company with an address of 2 Wells Avenue, Department 9133 Newton, Massachusetts 02459, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Credit and whose identities are currently unknown to the Plaintiffs. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7. CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to Labcorp (the "Creditor") in the amount of $212.25.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

11. CCS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## FACTS

12. Within the last year, CCS contacted Plaintiffs in an attempt to collect the Debt.

13. After receiving notice of the Debt, Plaintiffs sent a certified letter dated January 17, 2014, to CCS, disputing the validity of the Debt and requesting verification of the Debt.

3

14. Plaintiffs' certified letter was delivered to and received by CCS on January 24, 2014.

15. After receipt of Plaintiffs' certified letter, CCS continued its collection efforts before providing validation by calling Plaintiffs on January 27, 2014.

16. CCS placed another call to Plaintiffs on February 5, 2014.

17. CCS did not send a validation notice of the Debt until it sent a letter dated February 4, 2014, which Plaintiffs received on February 7, 2014.

18. Furthermore, CCS's validation notice failed to provide the address of the Creditor.

### B. Plaintiffs Suffered Actual Damages

19. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs have suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

21. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

22. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

    E. Punitive damages; and

F.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 7, 2014                           LEMBERG Law, LLC


By: _/s/  Trinette G. Kent_
Trinette G. Kent

Attorney for Plaintiffs,
Trinette and Garrrett Kent